## No. 13,621.

LONG *v.* RAILWAY SAVINGS AND BUILDING ASSOCIATION.

## No. 13,622.

SCHROEDER ET AL. *v.* RAILWAY SAVINGS AND BUILDING ASSOCIATION.

(39 P. [2d] 353)

Decided December 17, 1934.

Mr. FRANK H. HALL, Messrs. NORTHCUTT & NORTHCUTT, for plaintiff in error.

Messrs. ADAMS & GAST, Mr. SAM PARLAPIANO, for defendant in error.

*En Banc.*

Mr. Justice Campbell delivered the opinion of the court.

Two cases, numbered 13621 and 13622, at the hearing below and on review here, and at the request of the parties thereto by their respective counsel, were consolidated for hearing and determination as one cause since the material facts and the applicable principles of law involved are conceded to be the same in both cases. In No. 13621 Elizabeth W. Long was the plaintiff below and is plaintiff in error here, and the Railway Savings and Building Association was the defendant below and is the defendant in error here. In No. 13622 Albert E. Schroeder and Erna C. Schroeder were the plaintiffs below and are plaintiffs in error here, and the Railway Savings and Building Association was the defendant below and is the defendant in error here. In this opinion the parties are designated as plaintiff and defendant.

In their opening statement counsel for plaintiff say that this is a test case against the defendant, for which a receiver was appointed on the application of the Attorney General, and its purpose was and is to determine the proper mode of settlement by the defendant association with its borrowing shareholders or members, of whom plaintiff is one. Plaintiff says that when insolvency of such an association occurs as here, the contract between it and its borrowing members is thereby extinguished or abrogated; and that defendant association became and still is insolvent. Plaintiff further maintains that the contract, which is involved here, was and is that the face value of the stock issued by defendant to plaintiff was and is to be credited on such loan in consideration of plaintiff's paying interest and premiums until the stock matures, and maturity of the stock is effected by crediting thereon payments, dues and earnings. The insolvency of the defendant association, however, prevented

maturity of the issued stock, the effect of which, it is claimed, annuls the contract between the association and its members. Upon the state of facts thus appearing as above outlined the court below sitting in equity was, and this court on review of its decree is, asked to determine and enforce the relative rights of the association and its members.

Counsel for the plaintiff cite and rely upon the doctrine applicable to the facts as above stated and direct our attention to the rules and principles summarized in 9 C. J., page 981, section 118, and to other like authorities. They summarize these rules under three principal heads commonly referred to in the authorities on the subject as the Maryland, the Pennsylvania and the Grosscup rules. A long list of pertinent cases which are said to support these different views or rules of the courts of this country is cited in the briefs.

In view of the foregoing statement in the brief of the plaintiff that the trial court did not attempt to follow either of such general rules, but enforced its own conception of the general principles of law applicable to the facts above summarized,—which in some particulars are different from such recited general rules,—we are asked to apply the appropriate principles of law to the case as made by the pleadings and evidence. Plaintiff says there was no Colorado statute upon the subject of settlement with borrowing members upon the insolvency of a building and loan association until 1933, when our general assembly enacted a comprehensive statute on the subject. S. L. 1933, page 284, et seq. Article 8, section 15 of that act, page 344, treats of "Powers Upon Liquidation." Neither in this section nor in any other provision of the act is our attention called to anything bearing on the precise question involved here. Counsel for plaintiff do not assert that there is any other such provision.

In contrast with the foregoing statement of the facts as outlined in the opening brief of the plaintiff, the defendant's brief questions their accuracy in important

particulars. Defendant's counsel say that plaintiff owns, or represents the owners of, stock of the defendant association which became insolvent and for that reason was placed in the hands of a receiver in July, 1932; that the impairment in its capital stock was soon thereafter restored and its affairs were put back into the hands of its board of directors in November of the same year, and it is now, and was at the time of the trial below, solvent, and a going concern. Defendant's counsel further maintain that the sole question for decision, in the light of the foregoing statement of what they say are the admitted facts, is how are the liabilities of the borrowing members of the defendant to be measured or determined? Further limiting or restricting the question for decision, defendant's counsel, in the form of an interrogatory inquire: How is the amount of the mortgage debt of a borrowing member of a Colorado building and loan association, such as the defendant, to be determined, where the association is solvent and was solvent, at the time of the foreclosure, but had theretofore, as above stated, been found to be insolvent at some time during the existence of the loan?

In the light of the statement by defendant's counsel above summarized as to the admitted facts, its counsel thus summarize the respective theories of the parties: The abstract theory of the case entertained by plaintiff is that a borrowing member of defendant association, in order to discharge his debt and obligation thereto, is required only to pay the stipulated dues for one hundred months and interest thereon for the time the money is used. Defendant says that during the course of the trial below plaintiff abandoned this theory and offered none other of any merit. The theory of the case entertained by the defendant is that the conceded facts take it out of each of the so-called Pennsylvania, Maryland or modified Illinois rules applicable only to insolvent associations. For here, while defendant at one time was insolvent, it was quickly restored to solvency and such was its con-

dition during the period of time involved in this controversy and is still solvent and its rights and liabilities are, therefore, to be and should be determined upon the theory that it is a solvent association. Therefore, the rights and liabilities of its borrowing members are to be and should be determined upon the theory that applies to the rights and liabilities of solvent associations of this character. In summarizing defendant's conclusion, defendant's counsel say that the evidence before the trial court was amply sufficient to justify its findings of fact and the judgment which it entered thereon, and that plaintiff got all that the facts and the applicable principles of law called for in such cases, and that every right of borrowing members by their contracts and the statutes of the state was safeguarded and protected. Our examination of the record satisfies us that the evidence tends to support the court's findings of fact, and that they justify its judgment thereon, which is therefore affirmed.

MR. CHIEF JUSTICE ADAMS not participating.